Lemrabott v. Garland

BIA
Christensen, IJ
A201 118 118

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-two.

PRESENT:
    SUSAN L. CARNEY,
    STEVEN J. MENASHI,
    MYRNA PÉREZ,
     *Circuit Judges.*
_____

MOHAMED SALEM AHMED AHMED
LEMRABOTT,
   *Petitioner,*

    v.          20-3204

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*
_____

| | |
|---|---|
| FOR PETITIONER: | Kareem El Nemr, Esq., Astoria, NY. |
| FOR RESPONDENT: | Brian Boynton, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Salem Ahmed Ahmed Lemrabott, a citizen of Mauritania, seeks review of a 2020 decision of the BIA affirming a 2018 decision of an Immigration Judge ("IJ") denying a waiver of inadmissibility and his application for adjustment of status. *In re Mohamed Salem Ahmed Ahmed Lemrabott,* No. A 201 118 118 (B.I.A. Aug. 26, 2020), *aff'g* No. A201 118 118 (Immig. Ct. N.Y. City Aug. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history and refer to them only as necessary to explain our decision to deny the petition.

To adjust to lawful permanent resident status, a noncitizen must show that he is admissible to the United States. 8 U.S.C. § 1255(a)(2). A noncitizen is inadmissible if he "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter." *Id.* § 1182(a)(6)(C)(i). The agency has the discretion to waive that basis of inadmissibility if, in relevant part, the noncitizen is the spouse of a U.S. citizen, and the noncitizen shows that "refusal of admission to the United States

2

. . . would result in extreme hardship to the citizen . . . spouse." *Id.* § 1182(i)(1).

Because the BIA expressly adopted the findings of the IJ, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). Our jurisdiction to review the denial of a waiver and the denial of adjustment of status is limited to constitutional claims and questions of law. 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B)(i), (D).

In denying his application for adjustment of status, the IJ concluded that Lemrabott was inadmissible because he made willful misrepresentations in his previous applications for a non-immigrant visa and for asylum, and that Lemrabott was not eligible for a waiver of inadmissibility because he had not demonstrated extreme hardship to his U.S. citizen spouse. On appeal to the BIA, Lemrabott argued that the IJ erred in finding that his wife would not suffer extreme hardship should he be removed, but he did not challenge the IJ's determination that he was inadmissible.

In contrast, Lemrabott now contends that he was not inadmissible, and thus required no waiver, because he withdrew his asylum application and the misrepresentations included in the application were not material. As the government argues, Lemrabott did not exhaust this challenge to the inadmissibility determination before the agency. Accordingly, we do not reach the

3

question of Lemrabott's inadmissibility because, when the government raises the petitioner's failure to exhaust, our review is limited to issues raised before the BIA. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 118-22 (2d Cir. 2007). Because Lemrabott raises no other arguments in his petition, he provides no basis for this Court to disturb the BIA's decision.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4